NICHOLAS FABIAN, Respondent, *v.* SOLOMON SCHINASI and Others, Appellants.

First Department, January 26, 1917.

Pleading — complaint — action for injury to plaintiff from negligent treatment in defendant's medical institute — sufficiency of allegations as to nuisance and false representations.

A complaint which alleges in effect that the defendants, having control of certain premises, maintained or permitted to be maintained for profit a medical institute, constituting a nuisance; that plaintiff went to said institute for examination and treatment in the belief, induced by certain false advertisements, that he would find there competent and skilled doctors and nurses, etc.; that either the defendants or their representatives agreed for a valuable consideration to examine and treat him skillfully and completely cure him of his disease, and that defendants either treated him or permitted him to be treated, for which treatment he paid, and that as a result he was permanently injured, fails to state a cause of action.

The allegation as to false representations by advertisement, not being supported by statements connecting them with its publication, was insufficient; so also the allegation as to the maintaining of a nuisance was a mere conclusion, with no statement of fact to support it.

APPEAL by the defendants, Solomon Schinasi and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 25th day of August, 1916.

*Charles L. Hoffman* and *Henry A. Friedman,* for the appellants.

*Morris Cukor,* for the respondent.

DAVIS, J.:

The court at Special Term denied defendants' motion for judgment on the pleadings consisting of a complaint and answer.

The complaint alleges that the defendant Schinasi was the owner of premises 146 East Fourteenth street, New York city, and that defendant Hirshfeld was the lessee thereof, and that all of defendants had control of said premises; that the business carried on in said premises was known as "Dr. Hannon's Medi-

cal Institute," "Dr. Hannon" or "Dr. Hannon's Museum;" that defendants wrongfully maintained a public nuisance upon said premises, or knowingly permitted the maintaining of said nuisance, and for gain and profit wrongfully maintained and wrongfully permitted to be maintained in said building a so-called medical institute as aforesaid; that by means of certain advertisements, etc., it was falsely represented and promised that in said medical institute there were employed competent physicians, surgeons, nurses and attendants who would cure all applicants and patients of certain diseases, particularly venereal diseases; that plaintiff, relying upon this advertisement, went to said premises for treatment in July or August, 1913; that defendants, their agents or representatives, agreed for a valuable consideration to carefully treat and completely cure plaintiff of his disease; that plaintiff paid the consideration and submitted to treatment at said place, and that defendants so wrongfully and carelessly treated plaintiff, or caused or permitted him to be treated that he was not cured, but was permanently injured by reason of the unskillful, careless and negligent treatment to which he was then and there subjected, to his damage in the sum of $10,000.

The plaintiff claims that the complaint states a good cause of action for maintaining a nuisance, as well as for negligence and breach of contract. The defendants contend that no cause of action whatever is alleged, and we think the defendants are right.

The allegation in this complaint as to the false representations by advertisement, etc., may be disregarded so far as it is sought to hold the defendants responsible for it, for the reason that there is no allegation connecting them with its publication.

The allegation as to the maintaining of a nuisance may be disregarded also as merely a conclusion, with no statement of fact to support it. It is, therefore, not admitted by the demurrer, nor are the allegations as to the wrongful character of the defendants' acts admitted, they being mere conclusions.

We then have a complaint from which it appears that the defendants had control of the premises in question in which they maintained *or* permitted to be maintained for profit a medical institute; that plaintiff went to said medical institute

for examination and treatment in the belief, induced by certain advertisements, that he would find there competent and skilled doctors and nurses, etc.; that some one, either the defendants or their representatives, agreed, for a valuable consideration, to examine and treat him skillfully and completely cure him of his disease, and that defendants either treated him *or* permitted him to be treated, for which treatment he paid, and that as a result of such treatment he was permanently injured.

Manifestly the complaint is bare of any allegation showing that any of these defendants caused any injury to plaintiff or violated any duty they owed him.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint on payment of said costs.

CLARKE, P. J., MCLAUGHLIN, SCOTT and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to amend on payment of costs.